FILED
JUL 12 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

JH

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MANUEL DELGADO, | ) No. |
| | ) |
| Plaintiff, | ) **06CV3757** |
| | ) |
| vs. | ) **JUDGE MANNING** |
| | ) **MAG. JUDGE COLE** |
| Cook County Deputy Sheriffs WILLIE MAK, | ) |
| #4255, CALVIN FIELDS, #3444, MARTIN | ) |
| LOWERY #1825, Cook County Sheriff | ) |
| MICHAEL SHEAHAN, and the COUNTY of | ) |
| COOK, | ) Magistrate |
| | ) |
| Defendants. | ) Jury Demand |

## COMPLAINT

### JURISDICTION

1. The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §1983; the judicial code, 28 U.S.C. §1331 and 1343(a); the Constitution of the United States; and pendent jurisdiction as provided under 28 U.S.C. §1367(a).

### PARTIES

2. Plaintiff Manuel J. Delgado is a resident of the City of Chicago, Illinois.

3. Defendants Mak, Fields and Lowery were deputy sheriffs employed by the County of Cook, who at all times material to this Complaint, were engaged in the conduct complained of in the course and scope of their employment.

4. Michael Sheahan is the current Sheriff of Cook County, an office of Cook County created pursuant to the Local Government Article of the Illinois Constitution Ill. Const. 1970, Art. 7, §4(c), and was the Sheriff at all times pertinent hereto. He is sued in his official capacity.

1

5. County of Cook is the employer of the Sheriff and deputy sheriffs and is a local public entity under the laws of the State of Illinois.

6. At all times material to this Complaint the defendants were acting under color of state law, ordinance and/or regulation.

## FACTS

7. On October 6, 2004, Manuel Delagdo Jr. was in the shoe store he owns, Delgado Shoe Store, at 3500 W. 26th Street, Chicago, Illinois.

8. Defendants Mak, Fields and Lowery entered Plaintiff's store to enforce a court order in the matter of *In Re Delgado v. Delgado*, 03 D 09539 (Cook County, Ill.) to seize and/or inventory the content of safes located in the basement of 3500-3506 W. 26th Place in Chicago, Illinois. Plaintiff, however, was and is not a party in the case.

9. The court order did not authorize any deputy Sheriff of Cook County to use force, arrest or detain any individual, or seize any property that belonged to the Plaintiff.

10. Prior to their arrival, Defendants Mak, Fields and Lowery did not contact Mr. Delgado's attorney, Mr. Delgado Sr., Plaintiff or the store to inform anyone they were coming or that the a court order had been entered.

11. After Defendants Mak, Fields, and Lowery entered the store, they approached Plaintiff Delgado, shoved the court order in Plaintiff's face, demanded he take them to the basement, and informed him they were going to take property located in the store.

12. Plaintiff, unaware of the court order pertaining to his father's divorce, responded that they were not going to take any of his property.

13. Plaintiff then called his father's divorce attorney on a cellular telephone to ascertain

2

the nature and circumstances of the court order.

14. While on the phone with his father's divorce attorney, one of the individual Defendants lunged at Plaintiff and another Defendant knocked the cell phone out of his hand.

15. The individual Defendants then grabbed Plaintiff Delgado and pushed him face down to the ground.

16. While on the ground, the individual Defendants repeatedly punched, kicked and struck the Plaintiff.

17. Plaintiff Delgado sustained several physical injuries, requiring medical treatment, as a result of the individual Defendants' excessive, unnecessary, unprovoked and malicious use of force. Plaintiff's injuries included a cut to his eye requiring stitches, a bloody nose, a torn muscle in his upper left arm, and other bruises, swelling, marks and pain.

18. Plaintiff was subsequently treated by paramedics and transported to St. Anthony's Hospital for further medical treatment. He remained in the hospital for six days.

19. The individual Defendants falsely and maliciously charged Plaintiff with two counts of Obstructing and Resisting a Peace Officer in violation of 720 ILCS 5/31-1(a) and no FOID card in violation of 430 ILCS 65/2(a)(1) of the Illinois Criminal Code.

20. The individual Defendants made out false and incomplete official reports and gave a false and incomplete version of the events to their superiors in order to cover up their own misconduct.

21. As a result of the false charges filed by the individual Defendants, Plaintiff was compelled to retain an attorney, attend numerous court dates and defend himself at trial.

22. On February 2, 2006, Plaintiff was acquitted of all charges and the criminal cases

were terminated in his favor.

23. As a direct and proximate result of these individual Defendants' actions, Plaintiff suffered and continues to suffer, *inter alia*, bodily injury, pain, suffering, severe mental distress, fear, anguish, humiliation, loss of liberty, and medical and legal expenses.

## COUNT I
### [42 U.S.C. §1983 Claim for Excessive Force]

24. Plaintiff realleges paragraphs 1 through 23.

25. The acts of Defendants Mak, Fields and Lowery in grabbing, throwing down to the ground, punching, kicking and striking the Plaintiff, or in failing to prevent said abuse, violated Plaintiff's rights under the Fourth Amendment to the United States Constitution to be secure in his person, papers and effects against unreasonable searches and seizures, and his right to due process under the Fourteenth Amendment to the United States Constitution, and thus violated 42 U.S.C. §1983.

26. The actions of defendants Mak, Fields and Lowery were the direct and proximate cause of the violations of Plaintiff's Fourth Amendment rights, his injuries, mental suffering, anguish and humiliation, loss of personal freedom, and expenses, as set forth more fully above.

WHEREFORE, Plaintiff demands actual or compensatory damages against Defendants Mak, Fields and Lowery and because they acted maliciously, wantonly, or oppressively, punitive damages, plus the costs of this action, plus attorney's fees and such other and additional relief as this Court deems equitable and just.

## COUNT II
### [42 U.S.C. §1983 Claim for False Arrest and Detention]

27. Plaintiff reallege paragraphs 1 through 23.

28. The actions of Defendants Mak, Fields and Lowery in falsely arresting, searching, and or detaining Plaintiff Delgado on October 6, 2004, without probable cause, violated his Fourth Amendment right to be free from unreasonable search and seizure, and thus violated 42 U.S.C. § 1983.

29. The actions of Defendants Mak, Fields and Lowery were the direct and proximate cause of the violations of Plaintiff's Fourth Amendment rights, injuries, mental suffering, anguish, humiliation, loss of personal freedom, and expenses, as set forth more fully above.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands actual or compensatory damages, and because Mak, Fields and Lowery acted maliciously, wantonly, or oppressively, punitive damages, plus the costs of this action, plus attorney's fees and such other and additional costs.

## COUNT III
## [§1983 Conspiracy]

30. Plaintiff realleges paragraphs 1 through 23.

31. The actions of Defendants Mak, Fields and Lowery as set forth above constituted a conspiracy and or joint action under the Fourth and Fourteenth Amendment to cover up their violations, and to protect themselves from being disciplined and fired for their actions, as well as to prevent Plaintiff from availing himself of constitutional protection.

32. The actions of Defendants Mak, Fields and Lowery in conspiring to deprive Plaintiff of his rights was the direct and proximate cause of the violations of Plaintiff's set forth above.

WHEREFORE, Plaintiff demands actual or compensatory damages against the Defendants Mak, Fields and Lowery damages, plus the costs of this action, plus attorneys' fees

and such other and additional relief as this Court deems equitable and just.

## COUNT IV
### [Pendent State Law Claim for Intentional Infliction of Emotional Distress]

33. Plaintiff realleges paragraphs 1 through 23.

34. The conduct and actions of Defendants Mak, Fields and Lowery, as set forth above, were extreme and outrageous, were done intentionally, wilfully and wantonly, and/or knowing there was a high probability that their conduct would cause Plaintiff severe emotional distress as set forth above.

35. As a direct and proximate result of Defendant Mak's, Fields' and Lowery's extreme and outrageous conduct, Plaintiff was injured and experienced severe emotional distress constituting intentional infliction of emotional distress under Illinois state law.

WHEREFORE, Plaintiff demands actual or compensatory damages, and because Defendants Mak, Fields and Lowery acted maliciously, wantonly, or oppressively, plus the costs of this action and such other and additional relief as this court deems equitable and just.

## COUNT V
### [Pendent State Law Claim For Malicious Prosecution]

36. Plaintiffs reallege paragraphs 1 through 23.

37. The acts of defendants Mak, Fields and Lowery in creating a false story, falsely charging Plaintiff with two counts of Resisting or Obstructing a Peace Officer and one count of lacking a FOID card, thereby causing him to lose his liberty and be criminally prosecuted and incur legal expenses and emotional distress constituted the tort of malicious prosecution under the laws of the State of Illinois.

WHEREFORE, Plaintiff demands actual or compensatory damages, and because

Defendants Mak, Fields and Lowery acted maliciously, wantonly, or oppressively, punitive damages, plus the costs of this action and such other and additional relief as this court deems equitable and just.

## COUNT VI
*[Respondeat Superior]*

38. Plaintiff realleges paragraphs 1-23 and 33 through 37.

39. Defendants Mak, Fields, and Lowery were, at all times material to this complaint, employees of the Defendant Michael Sheahan the Sheriff of Cook County, were acting within the scope of their employment, and their acts which violated state law are directly chargeable to the Michael Sheahan, Sheriff of Cook County or the County of Cook under state law pursuant to *respondeat superior*.

WHEREFORE, Plaintiff demands judgment against the Defendant Michael Sheahan, Sheriff of Cook County or the County of Cook for any and all compensatory damages awarded on Plaintiff's state law claims, plus the costs of this action and whatever additional relief this Court deems equitable and just.

## COUNT VII
[745 ILCS 10/9-102 Action Against the Sheriff and/or County of Cook]

40. Plaintiff realleges paragraphs 1 through 39.

41. Pursuant to §9-102 of the Local Government and Governmental Employees Tort Immunity Act ("the Act"), a local public entity is directed to pay any tort judgment or settlement for compensatory damages for which it or an employee acting within the scope of his employment is liable. 745 ILCS 10/9-102.

42. Michael Sheahan, the Sheriff of Cook County, and the County of Cook are local

public entities as defined in the Act. 745 ILCS 10/1-206. The definition includes "all local government bodies." The Office of Sheriff of Cook County as well as the County of Cook are local governmental bodies. Ill. Const. 1970 Art. 7, §4(c).

43. Defendants Mak, Fields and Lowery at all relevant times were "employees" of the Sheriff of Cook County as defined by the Act. 745 ILCS 10/1-202. That definition includes "officers" and "employees."

44. Certain conduct of defendants Mak, Fields and Lowery as described in this Complaint was wilful and wanton as defined in the Act. 745 ILCS 10/1-1-210.

45. The conduct of Defendants Mak, Fields and Lowery, even if extreme and malicious, fell within the scope of their employment by Michael Sheahan, Sheriff of Cook County and the County of Cook. Defendants Mak, Fields and Lowery did not engage in the wrongful conduct as private persons. Rather, they acted on behalf of Defendant Michael Sheahan, Sheriff of Cook County.

46. Defendants Mak, Fields and Lowery acted while on duty in the course their employment. Their actions served the objective of Michael Sheahan, Sheriff of Cook County to process, take control of and hold arrestees and pretrial detainees.

47. Pursuant to the Act, Michael Sheahan, Sheriff of Cook County and/or the County of Cook are directly liable for the conduct of Defendants Mak, Fields and Lowery.

WHEREFORE, Plaintiff demands actual and compensatory damages against the Defendant Michael Sheahan, Sheriff of Cook County and/or the County of Cook.

Respectfully submitted,

Dated: July 10, 2006

JOEY L. MOGUL
PEOPLE'S LAW OFFICE
1180 N. Milwaukee
Chicago, IL 60622
773/235-0070

EDWARD MOGUL
5250 North Broadway, Suite 187
Chicago, Illinois 60640

**Plaintiff demands trial by jury.**