UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MANUEL DELGADO, | ) No.  06 C 3757 |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     vs. | ) Judge Robert E. Dow |
| Cook County Deputy Sheriffs WILLIE MAK, #4255, | ) |
| CALVIN FIELDS, #3444, MARTIN LOWERY #1825, Cook | ) |
| County Sheriff MICHAEL SHEAHAN, and the COUNTY of | ) |
| COOK, | ) |
| | ) |
|     Defendants. | ) |

**PLAINTIFF DELGADO'S MOTIONS IN *LIMINE* TO BAR
IRRELEVANT AND/OR PREJUDICIAL EVIDENCE**

Plaintiff Manuel Delgado, by and through his attorneys Joey L. Mogul and Ben H. Elson, respectfully moves this Court to bar certain evidence from the trial of this case.  This is a 42 U.S.C. § 1983 civil rights action brought by Plaintiff Manuel Delgado against Defendants Cook County Deputy Sheriff Officers Mak, Fields, and Lowery, Cook County Sheriff Tom Dart and the County of Cook.  Mr. Delgado alleges Defendants Mak, Fields, and Lowery violated his Constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution to be free from excessive force, false arrest and conspiracy.  Mr. Delgado also alleges that Defendants Mak, Fields, and Lowery violated his rights under Illinois state law to be free from malicious prosecution and intentional infliction of emotional distress.  Sheriff Tom Dart and the County of Cook are sued under Illinois state law, 745 ILCS 10/9-102, and the Cook County Sheriff is also sued under a theory of *respondeat superior* under state law.

**I.     FACTS**

Mr. Delgado alleges that in the afternoon on October 6, 2004, he was in his shoe store when Defendants Mak, Fields and Lowery, dressed in plain clothes, entered his store to enforce a court order in Mr. Delgado's father's divorce proceeding, *In Re Delgado v. Delgado,* 03 D 09539 (Cook County, Ill.).  Prior to the Defendants arrival, Mr. Delgado was unaware of any court order

to retrieve items from his place of business. Defendants Mak, Fields and Lowery approached Mr. Delgado, shoved the court order in his face, and demanded he take them to the basement. Unaware of the court order, Mr. Delgado proceeded to call his father's divorce attorney on a cellular telephone to ascertain the nature and circumstances of the court order.

While Mr. Delgado was on the phone with his father's divorce attorney, Defendant Fields lunged at him while another Defendant knocked the cell phone out of his hand. The Defendant Officers then grabbed Mr. Delgado and forced him face down to the ground. While on the ground, the Defendants kicked him three times on the right side of his torso, and struck him in the back of his head. As a result of the Defendant Officers' excessive and unreasonable force, Mr. Delgado sustained several physical injuries requiring emergency medical attention, a five day stay in the hospital and on-going medical treatment.

After physically attacking and abusing Mr. Delgado, the Defendants falsely arrested him for Obstruction of a Peace Officer, 720 ILCS 5/31-1 alleging he blocked their way to the door to the basement. Later, they charged him with two counts of Obstruction of a Peace Officer, 720 ILCS 5/31-1 and one count of failing to have a Firearm Owner Identification Card. These false charges compelled Mr. Delgado to retain an attorney, attend numerous court dates, and defend himself at trial. Mr. Delgado was ultimately acquitted of all charges.

Certain pieces of evidence referenced in discovery or listed by the Defendants in the pre-trial order should be excluded from trial as irrelevant, immaterial, improper or prejudicial under the Federal Rules of Evidence. Therefore, Mr. Delgado is moving to bar any reference in any argument or testimony to the following subjects.

**A.     The Finding of the Cook County Sheriff's Office Into the Allegations of Mr. Delgado's Federal Complaint Should Be Barred as Well as Testimony the Defendants Seek to Elicit from Investigator Daniel Hull.**

After Plaintiff Delgado filed this civil right action in July of 2006, the Cook County Sheriffs Office Internal Affairs Division initiated an investigation into Mr. Delgado's federal lawsuit. This investigation was not initiated or requested by Mr. Delgado. It appears from the Internal Affairs Division investigative file (hereinafter CI 2006-07-037), tendered by the Defendants in discovery in this litigation, that Cook County employee Daniel Hull was assigned to investigate this incident. Investigator Hull unilaterally chose to classify the internal affairs

complaint as an investigation into allegations of excessive force and false arrest.

During the course of his investigation, Investigator Hull contacted some witnesses to discuss this incident, took formal statements from each of the Defendant Officers and attempted to speak to Mr. Delgado.  Based on the undersigned counsel's advice, as reflected in Investigator's Hull's file, Mr. Delgado did not discuss this incident with Investigator Hull and referred him to speak with the undersigned counsel.  Investigator Hull eventually made a "not-sustained" recommendation stating "[t]here was insufficient evidence to either prove or disprove the allegation."

Defendants have identified Cook County Investigator Daniel Hull as a witness in the pre-trial order (see Pre-Trial Order, Schedule C, Defendants' May Call Witness List #3).  Previously, Defendants have identified both Investigator Hull and CI 2006-07-037 in Defendants' Second Supplemental Discclosures Pursuant to Rule 26(a)(1).  Further, at the parties meet and confer conference on February 26, 2008, Mr. DiBenedetto stated that he intended to call Investigator Hull to elicit testimony from Investigator to Hull as to why Mr. Delgado did not agree to be interviewed for his investigation.

      1.    <u>Investigator Hull's Recommendation and Underlying Rationale Should Be Barred.</u>

Plaintiff Delgado seeks to bar any reference or testimony the Defendants may seek to introduce with respect to Investigator Hull's not sustained recommendation or the underlying basis.  Such testimony or evidence is not admissible under Fed. R. Evid. 403 because the probative value of such a recommendation and rationale is substantially outweighed by the prejudicial effect.

In this instance, Investigator Hull's ultimate recommendation and underlying rationale were based on an incomplete investigation.  His recommendation/rationale were not based on Mr. Delgado's description of the incident, nor on the several other witnesses' descriptions of the incident which support Mr. Delgado's claims.  Further, Investigator Hull failed to review several pieces of evidence that support Mr. Delgado's claims, including the medical records documenting his injuries.  Moreover, in making his ultimate recommendation, it appears he failed to review several pieces of evidence he had in his possession.  Finally, Investigator Hull's investigation was based on allegations made in Mr. Delgado's federal civil complaint, and in

using the federal complaint as the basis of his investigation, he failed to include all of Mr. Delgado's allegations or claims concerning the violation of his rights.

Any reference to Investigator Hull's "not sustained" recommendation will wrongly influence, mislead, and bias the jurors, amounting to an unfair prejudicial assessment of Mr. Delgado's allegations and evidence.  The jurors will be led to falsely believe that Investigator Hull's investigation was reliable and that it found evidence to suggest that  Defendants Mak, Fields and Lowery were not liable for excessive force and false arrest, or that there was insufficient evidence to prove these claims - - decisions the jurors must make on their own by reviewing the evidence and witness testimony presented at trial.  The jurors, after being tainted with his recommendation and rationale, may adopt his conclusions and fail to hear and evaluate all the evidence presented in this case.  Therefore, any such testimony or evidence should be barred by Fed. R. Evid. 403, as its probative value is far outweighed by its prejudicial effect.

Moreover, Investigator Hull's recommendation and his underlying rationale are not admissible because the purpose of his investigation differs from the purpose and goals of Mr. Delgado's civil suit.  *Adams v. Sotirakis*, 1991 U.S. Dist. LEXIS 10063 (N.D. Ill. 1991).

    2.   <u>Investigator Hull's Testimony With Respect to Statements Made By Plaintiff Delgado Should Be Barred.</u>

Plaintiff Delgado also objects to Defendants' attempt to elicit testimony from Investigator Hull with respect to any statements Mr. Delgado may or may not have made in response to Investigator Hull's request to interview Mr. Delgado.  According to documents Plaintiff has received in the course of discovery, Investigator Hull contacted Mr. Delgado and asked him if he would agree to be interviewed with respect to the allegations included in his federal complaint.  According to Investigator Hull's report, Mr. Delgado said he would contact his attorney and then call Investigator Hull back.  Mr. Delgado did not call Investigator Hull back, instead, the undersigned counsel contacted Investigator Hull and requested he not speak with Mr. Delgado directly.  Mr. Delgado, based on the undersigned counsel's advice, did not contact Investigator Hull.  Ultimately, the undersigned counsel made the decision not to produce Mr. Delgado for an interview with Investigator Hull.

Any probative testimony Investigator Hull has to offer with respect to Mr. Delgado's

reasons for not discussing the nature of this allegations are incomplete and speculative. According to Investigator Hull's notes, Mr. Delgado did not state the reason he did not want to speak with him.  Thus, Mr. Delgado's statement that he would call his attorney is not probative of any issue relevant to Plaintiff's claims or Defendants' defenses and could lead the jury to improper inferences that are more prejudicial than probative and should be barred by Fed. R. Evid. 403.  Moreover, any testimony Invesigator Hull has to offer with respect to conversations he had with the undersigned counsel and completely irrelevant and barred by Fed. R. Evid. 401, 403.

Further, any questions posed to Mr. Delgado on the stand with respect to why he did not speak with Investigator Hull would improperly invade the attorney-client privilege.  Again, it is worth repeating that Mr. Delgado did not lodge a complaint with the Internal Affairs Division, nor did he initiate or request this investigation.  Thus, any such testimony or argument should be barred by Fed. R. Evid. 403.

3.  <u>Plaintiff's Purpose for Calling Investigator Hull</u>

Plaintiff Delgado is seeking to call Investigator Hull for an extremely limited purpose. During the course of Investigator Hull's investigation, Defendants Mak, Fields, and Lowery were formally interviewed and signed type-written statements in which they made statements about their actions and conduct with respect to this incident.  These statements are obviously extremely relevant and probative of the key issues in dispute in this case.  They are clearly admissible under Fed. R. Evid. 802(d)(2)(A) as party opponent admissions.  Here, Plaintiff is seeking to use these statements for impeachment if the Defendant Officers' testimony on the stand deviates from statements they made in these interviews.  Plaintiff only seeks to call Investigator Hull to verify that he provided the notice of allegations given to the Defendants and to verify that each of the Defendants had an opportunity to review their statements to determine that they were accurate before each individual signed them.

Plaintiff would not have to call Investigator Hull to the stand if these documents were timely tendered in the course of discovery and Plaintiff's counsel had the opportunity to confront the Defendant Officers with these statements during their depositions.  However, the investigative file, containing these statements, was tendered months after the exchange of written

discovery and only after the Defendants' depositions were taken.

In conclusion, Plaintiff Delgado seeks to bar any testimony, evidence, argument or reference with respect to the recommendation or underlying rationale of Investigator Hull's investigation. Plaintiff Delgado also seeks to bar any evidence, testimony, argument or reference to any statements Mr. Delgado may or may not have made to Investigator Hull with respect to why he did not participate in Investigator Hull's investigation, or elciting any such testimony on the subject.

**B.** **Any Testimony, Evidence, Reference or Argument Pertaining to Plaintiff Delgado's Father's Divorce Should be Barred**.

In this case, there is no dispute that Defendants Mak, Fields and Lowery traveled to and entered Mr. Delgado's shoe store in the process of executing an *ex parte* court order stemming from Plaintiff Delgado's father's divorce proceeding. *In Re Delgado v. Delgado,* 03 D 09539 (Cook County, Ill.). While Plaintiff Delgado's father's divorce proceeding must be mentioned for the limited purpose of explaining origin of the court order, there should be no other evidence, testimony, reference or argument made with respect to the divorce case or proceedings as it is not relevant to prove or disprove any issue in dispute and thus is not relevant and barred by Fed. R. Evid. 402 and 403. Specifically, there should be no mention as to any evidence, argument or justifications offered in obtaining this Court order in the divorce proceeding, nor any other evidence, argument or reference to any other issues with respect to the divorce court proceedings, specifically what resulted from the seizure of the contents of the safe (other than the two disassembled guns which are the subject of a separate motion in *limine infra*).

While defense counsel agreed with this general premise at the parties meet and confer conference, attorneys for Plaintiff Delgado's father and Plaintiff Delgado's ex-wife are listed as witnesses. Thus, Plaintiff requests that this motion in *limine* be granted and the witnesses be instructed not to testify or make any reference to any other proceedings with respect to the divorce.

**C.** **Any Testimony, Evidence, Reference or Argument Pertaining to Plaintiff Not Having a Firearm Owner Identification Card Should Be Barred.**

Following his arrest, Mr. Delgado was charged with not having a Firearm Owner

Identification ("FOID") card in violation of 430 ILCS 65/2(a)(1). Defendants have disclosed their intention to present evidence of this charge in support of their argument that they had probable cause to arrest Mr. Delgado. Mr. Delgado seeks to bar this evidence under Fed. R. Evid. 402 and 403 because it had no bearing on the Defendants' determination that they had probable cause to arrest Mr. Delgado and therefore is irrelevant to Mr. Delgado's false arrest and malicious prosecution claims.

A police officer has probable cause to arrest an individual when the facts and circumstances that are known to him reasonably support a belief that the individual has committed, is committing, or is about to commit a crime. *See Wagner v. Washington County*, 493 F.3d 833, 836 (7th Cir. 2007). Probable cause is assessed objectively - - a court looks at the conclusions that the arresting officer reasonably might have drawn from the information known to him rather than his subjective reasons for making the arrest. *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004). In making that assessment, the court must consider the facts as they reasonably appeared to the arresting officer, seeing what he saw, hearing what he heard, and so forth. *Wagner*, 493 F.3d at 836. An individual is "arrested" within the meaning of the Fourth Amendment when physical contact is made. *See California v. Hodari D.*, 499 U.S. 621, 624 (1991).

Clearly, Mr. Delgado was arrested when Defendants Mak, Fields, and Lowery physically attacked him inside his shoe store. Even assuming the Defendants' version of events, they admit that they had physical contact with Mr. Delgado at the store when they took Mr. Delgado to the ground. Therefore, at that time, the Defendant Officers must have formed a basis, albeit a false one, for their purported probable cause to arrest Mr. Delgado for the crime of Resisting or Obstructing a Peace Officer in violation of 720 ILCS 5-31-1. According to the criminal complaints filed by the Defendants, Mr. Delgado committed an act of obstruction and an act of resistence when he allegedly blocked their way to the doorway of the basement and resisted arrest when he flailed his arms. It was only later, after Mr. Delgado had been taken to the ground and while he was in the process of being taken to the hospital, that the Defendants discovered two disassembled guns in the basement safe of Mr. Delgado's store. This information was not known to them at the time they arrested Mr. Delgado. Subsequently, the Defendant Officers filed a

complaint against Mr. Delgado for failing to have a FOID card.

Since the probable cause issue underlying Mr. Delgado's false arrest and malicious claims involves the information known to the Defendants at the time of Mr. Delgado's arrest for obstructing and resisting a peace officer, any evidence of the subsequent FOID charge should be barred under Fed. R. Evid. 402 and 403 because it had no bearing on the Defendants' purported probable cause determination.

**D.     Any Testimony, Reference or Argument Relating to The Undersigned Counsel's Relationship with Plaintiff Delgado's Criminal Defense Attorney Should Be Barred.**

Plaintiff Delgado was represented by Edward Mogul, a private attorney, in the underlying criminal proceedings. Edward Mogul is the undersigned counsel's uncle. One of the issues in dispute is the cost of Mr. Delgado's legal representation to defend himself in the underlying criminal prosecution. Plaintiff plans to elicit testimony from Mr. Delgado with respect to such damages, and Defendants are free to cross-examine in this regard. Plaintiff, however, objects to any questioning, argument, reference, or inference suggesting that Mr. Delgado did not incur this cost because his criminal defense attorney is related to the undersigned counsel. Again, it is Plaintiff's counsel's understanding that defense counsel agree that this issue is not relevant or admissible at trial, however, out of an abundance of caution the undersigned has filed this motion.

WHEREFORE, Plaintiff respectfully requests that the above identified witnesses not be allowed to testify in the specified manner argued above and that the above described evidence be barred and witnesses advised to specifically refrain from mentioning, referring or testifying thereto.

Dated: February 29, 2008

                 Respectfully Submitted,

                 /s/ Joey L. Mogul
                 JOEY L. MOGUL
                 BEN H. ELSON
                 People's Law Office
                 1180 N. Milwaukee Avenue
                 Chicago, IL 60202
                 (773)-235-0070