UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MANUEL DELGADO,** ) | No. 06 C 3757 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Judge Robert Dow |
| Cook County Deputy Sheriff **WILLIE MAK**, et al. ) | |
| ) | Magistrate Susan Cox |
| Defendants. ) | |

**PLAINTIFF DELGADO'S MEMORANDUM IN SUPPORT OF ISSUES RAISED AT THE PRETRIAL CONFERENCE ON MARCH 13, 2008**

Plaintiff Manuel Delgado, by and through his attorneys Joey L. Mogul and Ben H. Elson, submits the following memorandum in support of issues raised at the pre-trial conference on March 13, 2008. Specifically:

A. Plaintiff Delgado continues to move *in limine* to preclude any evidence, testimony or reference to the FOID charge and guns seized from Mr. Delgado's safe as it is irrelevant and prejudicial to Mr. Delgado's malicious prosecution claim for Obstruction of a Peace Officer;

B. Plaintiff Delgado agrees to forego his claim for malicious prosecution for Resisting a Peace Officer; and

C. Plaintiff Delgado provides further legal precedent in support of his response to Defendants' motion *in limine* with respect to Defendant Cook County's legal obligation to indemnify the Defendant Officers for any compensatory damage award against them.

A. <u>Plaintiff Delgado's Motion *In Limine* With Respect to the FOID Charge and Guns.</u>

Defendant Officers Mak, Fields and Lowery entered Mr. Delgado's store to execute a court order to seize safes in the basement in an unrelated divorce proceeding. While in the store, Defendant Officers physically attacked Mr. Delgado, pushed him to ground and committed other acts of excessive force. When the Defendant Officers physically seized Mr. Delgado, he was deemed

to be under arrest for purposes of his Fourth Amendment false arrest claim. *See California v. Hodari D.*, 499 U.S. 621, 624 (1991) (an individual is "arrested" within the meaning of the Fourth Amendment when physical contact is made).[1] Mr. Delgado was subsequently transported *via* ambulance to St. Anthony's Hospital.

After Mr. Delgado was removed from the scene, Defendant Officers obtained a locksmith, opened the safes in the basement of the store, and found two disassembled guns in the safes. After retrieving the guns, Defendant Officers made a call on their radio and determined that Mr. Delgado did not have a Firearm Owner's Identification Card. Subsequently, Defendants Mak, Fields and Lowery charged Mr. Delgado with one count of Obstructing a Peace Officer, 720 ILCS 5/31-1(a), authored by Defendant Mak, one count of Obstructing or Resisting a Peace Officer authored by Defendants Fields, 720 ILCS 5/31-1(a), and one count of failing to have a FOID card, 430 ILCS 65/2. See Exhibits A, B and C. As a result of these charges, Mr. Delgado was subjected to criminal proceedings in *People v. Delgado*, 04-289657 (Circuit Court of Cook County) which forced him to defend himself at trial. At the trial, he was acquitted of the two charges presented to the trier of fact -- the Obstruction of a Peace Officer and FOID charges. Thus, the criminal proceedings were terminated in his favor when he was acquitted at trial on all counts.

It is clear that the FOID charge has no relevance with respect to the Mr. Delgado's Fourth Amendment false arrest claim.[2] This claim arises or falls on whether the Defendant Officers had probable cause to justify their seizure and arrest of Mr. Delgado in the store. *See Jones v. Watson*, 106 F.3d 774, 779 (7th Cir. 1997) (internal citations omitted) ("Probable cause exists **"if 'at the moment the arrest was made** . . . the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing' " that the arrestee was committing an offense.") (emphasis added). Mr. Delagado could not have been arrested on the basis of not having a FOID card because the Defendant Officers were unaware of the existence of the guns or the absence of a FOID card at the time of his arrest.

---

[1] While Defendants deny that the Defendant Officers used any excessive force, they do admit that the Defendant Officers used force to arrest Mr. Delgado in the store. See Defendants' Trial Brief, p. 3, DE 95.

[2] The Court noted that the FOID charge is not relevant to Mr. Delgado's false arrest claim. See Exhibit E, Pre-Trial Conference, p. 25-26.

Defendants essentially concede the FOID is charge is not relevant to Mr. Delgado's false arrest claim in their trial brief when they failed to raise the FOID charge as a basis to justify his arrest. See DE 96, Defs' Trial Brief, pp. 4-5.

With respect to Mr. Delgado's malicious prosecution claim, the FOID charge is also not relevant. Regardless of whether the Defendant Officers had probable cause to prosecute Mr. Delgado for not having a FOID card, they did not have probable cause to charge and prosecute Mr. Delgado for Obstruction of Peace Officer.[3] *Holmes v. Vill. of Hoffman Estates*, 511 F.3d 673, 682 (7th Cir. 2007). As articulated by the Seventh Circuit in *Holmes*:

> probable cause as to one charge will not bar a malicious prosecution claim based on a second, distinct charge as to which probable cause was lacking. *Johnson, 477 F.3d at 84-85*. Logic supports the distinction. An arrested individual is no more seized when he is arrested on three grounds rather than one; and so long as there is *a* reasonable basis for the arrest, the seizure is justified on that basis even if any other ground cited for the arrest was flawed. *See Devenpeck, 543 U.S. at 153-55, 125 S. Ct. at 594; Johnson, 477 F.3d at 84*. But when it comes to prosecution, the number and nature of the charges matters: the accused must investigate and prepare a defense to each charge, and as the list of charges lengthens (along with the sentence to which the accused is exposed), the cost and psychic toll of the prosecution on the accused increase. *See id. at 84, 85*; Jacob Paul Goldstein, Note, *From the Exclusionary Rule to a Constitutional Tort for Malicious Prosecutions*, 106 COLUMBIA L. REV. 643, 645 (2006) (quoting *Savile v. Roberts*, 91 Eng. Rep. 1147, 1149-50 (K.B. 1698) (Holt, C.J.) (describing the various injuries underlying a malicious prosecution claim)). At the same time, when an officer prepares and signs a criminal complaint, he typically will have more of an opportunity to reflect on the nature and ramifications of the accused's conduct than he did in making the arrest. It is reasonable to demand that each charge that a police officer elects to lodge against the accused be supported by probable cause. Otherwise, police officers would be free to tack a variety of baseless charges on to one valid charge with no risk of being held accountable for their excess. *See Posr, 944 F.2d at 100; accord, Johnson, 477 F.3d at 84*.

*Id.* at 682-83.

Here, Mr. Delgado is entitled to proceed with his malicious prosecution claim against the Defendant Officers and collect the damages he incurred from the prosecution of the obstruction

---

[3]While Mr. Delgado was acquitted of the FOID charge and resolution of this charge was terminated in his favor, Plaintiff Delgado chooses not to proceed with his malicious prosecution claim with respect to this charge.

charge. Specifically, Mr. Delgado alleges the Defendant Officers not only did not have probable cause to arrest him in the first place but they further abused their power by falsely charging him with Obstruction of a Peace Officer - - a serious Class A misdemeanor. As a result of the obstruction charge, Mr. Delgado was forced to hire an attorney and defend himself at trial in order to prevent his wrongful conviction and possible incarceration or other sentence. If convicted of Obstruction of a Peace Officer, Mr. Delgado was not eligible to receive a sentence of supervision. See 730 ILCS 5/5-6-1(c).

Moreover, Mr. Delgado had to defend himself at trial in order to clear his name and reputation. Not only was Mr. Delgado at risk of being convicted of a violent offense against a law enforcement officer, a conviction that posed a serious threat to his reputation and standing as a business owner who had never previously been arrested before this incident, but he was also at risk of having this conviction stain his record and reputation for the rest of his life. Mr. Delgado may not have been able to have this conviction expunged from his record. Moreover, such a conviction could have caused Mr. Delgado difficulties in his attempt to gain U.S. citizenship, as all candidates for U.S. citizenship are obligated to report all arrests and convictions on their citizenship applications.

Pursuant to Fed. R. Evid. 402 and 403, the FOID charge and the guns seized should be barred from evidence. The charge and guns are in no way relevant or admissible with respect to Mr. Delgado's false arrest or malicious prosecution claim for Obstruction of a Peace Officer. Further, mention of the guns seized themselves is likely to cause severe prejudice to Mr. Delgado in front of the jury. Mention of the FOID charge, which has little if any probative value in this case, will be outweighed by the prejudicial effect of confusing the jurors with respect to the Mr. Delgado's malicious prosecution claim for Obstruction of a Peace Officer. There is also no evidence to suggest that Mr. Delgado's legal defense to the Obstruction of a Peace Officer charge would have been any different, any less time consuming or any less complicated if he had not been prosecuted for the FOID charge.

Therefore, Plaintiff Delgado continues to move *in limine* to bar the admission of evidence or reference with respect to the FOID charge and the guns seized.

B.   Plaintiff Delgado's Malicious Prosecution Claim for Resisting a Peace Officer

Both Defendant Officers Mak and Fields filed criminal complaints against Plaintiff Delgado in *People v. Delgado*, 04-289657 (Circuit Court of Cook County). Defendant Mak styled his

complaint as a charge for Obstruction of a Peace Officer. Exhibit A. Defendant Fields styled his complaint as a charge for Obstructing and Resisting. Exhibit C. It is clear from the filed stamped case number affixed to each document that both complaints were filed with the Circuit Court of Cook County. Both falsely allege that Mr. Delgado blocked the Defendant Officer entry to the basement at the store. It also appears that there was some attempt to amend the complaint filed by Defendant Officer Fields to offer additional acts of resisting falsely alleged to have been committed by Mr. Delgado. See Exhibit D (the language inserted on the last line of the narrative). However, in light of the expungement of this case, Plaintiff's counsel is not able to obtain the Circuit Court file to determine whether this charge was successfully amended in the criminal case and/or how the charges was ultimately disposed of. Therefore, Plaintiff Delgado will forego pursuing a malicious prosecution claim for Resisting a Peace Officer. However, Plaintiff Delgado reserves the right to use both complaints authored by Defendant Fields as sources of impeachment at trial.

    C.    <u>Plaintiff Delgado's Supplemental Memorandum In Support of His Response to the County's Motion *In Limine* with Respect to Indemnification.</u>

Defendant County's motion *in limine* #3 seeks to bar any testimony and other evidence concerning Cook County's obligation to indemnify the individual Defendant Officers for any compensatory damage award against them under the Illinois Tort Governmental Immunity Act, 745 ILCS 10/9-102. During the pretrial conference, Defendants argued that the seminal case on this issue, *Lawson v. Trowbridge*, 153 F.3d 368 (7th Cir. 1998), does not apply to the present case because *Lawson* involved a Wisconsin[4] indemnification statute that requires the employer to indemnify all damage claim awards against an individual employee acting within the scope of employment, whether punitive or compensatory; whereas, the present case involves the Illinois Governmental Tort Immunity Act which provides that the public employer may not indemnify an employee for a punitive damage award. See 745 ILCS 10/2-302(d).

Contrary to Defendants' assertion, *Lawson* applies with equal force in Illinois as it does in Wisconsin despite the statutory difference with respect to indemnification of punitive damage awards. Defendants' argument that the indemnification rule set forth in *Lawson* should not apply to

---

[4] At the pretrial conference, Mr. DiBenedetto mistakenly stated that *Lawson* was an Indiana case involving an Indiana indemnification statute.

the present case was squarely rejected in *Mohr v. Chicago Sch. Reform Bd. of Trs. of the Bd. of Educ. of Chicago*, 155 F.Supp. 2d 923, 928-30 (N.D. Ill. 2001). In holding that the indemnification rule of *Lawson* applies to cases involving Illinois law, the Court reasoned:

> [T]he Seventh Circuit did not comment on the availability, or lack of it, of indemnity for punitive damages in *Lawson*. In discussing a case arising under Indiana law, the Seventh Circuit has said flatly that a "defendant should not be allowed to plead poverty if his employer or an insurance company is going to pick up the tab." *Kemezy v. Peters*, 79 F.3d 33, 37 (7th Cir. 1996). Judge Shadur of this court has applied *Lawson* to an Illinois claim, *see Regalado v. City of Chicago*, 1998 U.S. Dist. LEXIS 20528, No. 96 C 3634, 1998 WL 919712, at *1 (N.D. Ill. Dec. 30 1998). And at least one legal scholar has construed *Lawson* absolutely, without any limitation to special features of Wisconsin law. *See* John R. Williams, *Representing Plaintiffs in Civil Rights Litigation under Section 1983*, 619 PLI/Lit 127, at 555 (1999) ("Once a defendant has opened up the area, by presenting evidence concerning his financial affairs, the plaintiff has an absolute right to introduce evidence that the defendant will be indemnified and the exclusion of such evidence is reversible error.")

*Id.*

Since *Mohr* was decided, other courts in the Northern District of Illinois have applied the *Lawson* indemnification rule to Illinois law as well. *See, e.g., Bursley v. Surange*, 2006 U.S. Dist. LEXIS 23282,*3 (N.D. Ill. 2006) (Conlon, J.) ("If Surane contends at trial that he would be unable to pay any damages, Bursley may introduce evidence about indemnification to rebut this contention." (citing *Lawson* and *Mohr*)); *Kies v. City of Aurora*, 156 F. Supp. 2d 970, 978 (N.D. Ill. 2001) (Alesia, J.) ("[D]efendants may not offer evidence, testimony or argument about Smith's financial circumstances or inability to pay a judgment against him. If defendants do offer evidence or argument that Smith is unable to personally satisfy a judgment against him, Kies will be allowed to introduce rebuttal evidence of liability insurance." (citing *Lawson*)). Recently, without recitation to *Lawson,* Judge Shadur resolved this precise issue in conformity with *Mohr* in a police misconduct suit against the City of Chicago in *Galvan v. Norberg*, 2006 U.S. Dist LEXIS 32386, **7-8 (N.D. Ill. 2006). There, Judge Shadur noted:

> Galvan is correct in going on to state that if defendants themselves inject the issue of their claimed inability or limited ability to pay an award, evidence of their right to indemnification by the City will become relevant.
> 
> Punitive damages pose a somewhat separate problem. They do not of course create a right of indemnification, and once again it cannot be known what factors may enter into a jury's quantification of such damages if they are to be awarded. But defense counsel should be aware that if they plan to apprise the jury of the fact that

the individual officers will have to bear such damages out of their own pockets, fairness would require that the jury also be informed of the true situation (indemnification) as to compensatory damages.

Accordingly, Defendants' motion *in limine* #3 should be denied and Plaintiff Delgado should be allowed to present evidence that the County of Cook will indemnify the Defendant Officers' for any compensatory damages awarded against them if the Defendant Officers offer evidence of their financial circumstances at trial.

During the pretrial conference, the Court raised whether the trial should be bifurcated in light of the punitive damage issue. Resolving the foregoing issue in Plaintiff Delgado's favor in no way supports bifurcation. Fed. R. Civ. P. 42(b) provides that a court, in "furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy," may order a separate trial on any issue. Here, bifurcation is not convenient, practical or necessary to avoid prejudice to the Defendants

First, as is the case in most trials where liability and damages are presented jointly, time and effort will be saved by avoiding duplication of presenting evidence and witnesses. *See Berry v. Deloney*, 28 F.3d 604, 610 (7th Cir. 1994). If the trial were bifurcated, many of the same witnesses would have to testify on two occasions which would be costly and a waste of everyone's time. This is particularly true and prejudicial to Plaintiff Delgado in light of the fact that he intends to call at least three medical treaters, two of whom are medical physicians, who have many professional obligations and very small windows of time in which they can be available to testify in this case, and in this case, these medical treaters are necessary to prove both Plaintiff's liability and damage claims. Second, Defendants will not suffer any substantial or undue prejudice should the jury hear evidence of damages simultaneously with evidence of liability. Juries are routinely provided limiting instructions when considering various types of evidence, and there is nothing about the anticipated evidence in this case that should lead the Court to believe such instructions would be ineffective. *See Carter v. Finley Hosp.*, 2004 U.S. Dist. LEXIS 6627, *2 (N.D. Ill. 2004). Finally, the issues in this case as to liability and damages are not unusually complex. *Id*. In sum, nothing about this case should lead the Court to believe that it would be more expeditious or less prejudicial to Defendants to separate the issues of liability and damages.

WHEREFORE, Plaintiffs respectfully request this Honorable Court grant Plaintiff's motion *in limine* to bar any evidence or reference to the FOID charge and guns and deny Defendants motion *in limine* #3.

Dated: March 20, 2008                                Respectfully Submitted,


                                                     /s/ Joey L. Mogul
                                                     JOEY L. MOGUL
                                                     BEN H. ELSON
                                                     People's Law Office
                                                     1180 N. Milwaukee
                                                     Chicago, IL 60622
                                                     773/235-0070

                                                     Attorneys for Plaintiff