UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MANUEL DELGADO, | ) No. 06 C 3757 |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Judge Robert Dow |
| Cook County Deputy Sheriff WILLIE MAK, et al. | ) |
| | ) Magistrate Susan Cox |
| Defendants. | ) |

**MOTION FOR AN ON THE RECORD STATEMENT BY DEFENSE COUNSEL CONCERNING INDEMNIFICATION, AND, IF NECESSARY, TO PURSUE DISCOVERY CONCERNING DEFENDANTS' ASSETS AND CONFLICT OF INTEREST WITH THEIR ATTORNEYS**

Plaintiff Delgado, by and through his attorneys, moves this Court for an order compelling defense counsel, in open court, and in the presence of the individual defendants, to make a binding statement as to whether the County will indemnify the individual Defendants for attorneys' fees and costs in this case; and further, if defense counsel represents that the County will not so indemnify, for an order, pursuant to Fed.R.Civ.P. 69(a) permitting discovery concerning the Defendant Officers' assets and their attorneys' conflict of interest. In support, Plaintiff states as follows:

1. On April 16, 2008, this Court entered judgment on a jury verdict in favor of Plaintiff Manuel Delgado in the amount of $125,000 in compensatory damages against Defendant Cook County Sheriff Deputies Mak, Fields and Lowery. See Dkt. #121.

2. On April 29, 2008, Plaintiff Delgado filed a motion for attorneys' fees and costs. See Dkt. No. 122.

3. On June 16, 2008, this Court held a status hearing and granted Plaintiff's oral motion for leave to file a supplemental motion for attorneys' fees and costs. See Dkt. #125. At that status hearing, one of Defendants' counsel, Romano DiBenedetto, informed Plaintiff's counsel, Joey Mogul, that Defendant Cook County may choose not to indemnify the individual Defendant Officers with respect to the payment of the attorneys' fees and costs award in this case

and instead compel Plaintiff to collect the award directly from the individual Defendant Officers.

4. This possibility is reflected in the Parties Local Rule 54.3 Joint Statement, attached as Exhibit A.

5. If defense counsel's threat is real rather than mere posturing, they have been, and continue to be, laboring under a conflict of interest which compromises the effectiveness of their representation of the individual Defendants. This potential conflict arises from defense counsel's service of multiple masters - - the individual Defendant Officers as well as Defendant Cook County - - whose interests are potentially inconsistent. Thus, the advice or lack thereof that Defendants' counsel has provided the individual Defendant Officers throughout this case may not have been in their best interest.

6. Specifically, if the individual Defendants were to be individually liable to the Plaintiff for attorneys' fees and costs if they lost at trial, it would have been in the individual Defendants' interest to have accepted Plaintiff's pre-trial offer to settle the case, including attorneys' fees and costs, for $225,000,[1] or to have made a substantial counteroffer; however, Defendants' counsel chose not to do so, in all likelihood without proper advice to, or consent from, their clients, and now cavalierly threaten not to indemnify the individual Defendants for a fee and cost award which may be in excess of $250,000.

7. In light of Mr. DiBenedetto's threat, Plaintiff requests that defense counsel, with the authority to bind the County, be compelled to make a binding statement, on the record, as to whether the County intends to indemnify the individual defendants for attorneys' fees and costs in this case, and, if the answer is no, that the individual Defendants be so admonished on the record and Plaintiff be permitted to pursue discovery pursuant to Rule 69(a)[2] concerning the individual Defendants' assets as well as defense counsel's conflict of interest. *See Consolidated Freightways Corp. v. Kresser Motor Serv.*, 1995 U.S. Dist. LEXIS 17201 (N.D. Ill. Nov. 14,

---

[1] *See* 3/1/07 settlement demand letter, attached as Exhibit B.

[2] Rule 69(a) states that "in aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person . . . in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held." Fed.R.Civ.P. 69(a).

1995) (Holderman, J.) (allowing post-judgment discovery pursuant to Rule 69(a)); *Evans v. Chicago Football Franchise Ltd. Partnership*, 127 F.R.D. 492 (N.D. Ill. 1989) (Rovner, J.) (same); *Rubin v. Islamic Republic of Iran*, 2008 U.S. Dist. LEXIS 4651 (N.D. Ill. Jan. 18, 2008) (Ashman, M.J.) (same).

WHEREFORE, Plaintiff Delgado respectfully requests that this Court enter an order as follows:

1. That defense counsel, in open court, and in the presence of the individual defendants, is ordered to make a binding statement as to whether the County will indemnify the individual Defendants for attorneys' fees and costs in this case;

2. If defense counsel represents that the County will not so indemnify, Plaintiff is permitted to pursue discovery pursuant to Rule 69(a) concerning the individual Defendants' assets as well as defense counsel's conflict of interest.

Dated: July 16, 2008

Respectfully Submitted,

/s/ Ben H. Elson
BEN H. ELSON
JOEY L. MOGUL
People's Law Office
1180 N. Milwaukee
Chicago, IL 60622
773/235-0070

Attorneys for Plaintiff Manuel Delgado