**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MANUEL DELGADO,              )<br>  Plaintiff,          )<br>                              )<br>  v.                         )<br>                              )<br>COOK COUNTY DEPUTY SHERIFFS )<br>WILLIE MAK #4255, et. al.    )<br>  Defendants.       ) | No. 06 C 3757<br><br>Judge Robert M. Dow Jr. |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S "MOTION FOR AN ON THE RECORD STATEMENT BY DEFENSE COUNSEL CONCERNING INDEMNIFICATION, AND, IF NECESSARY, TO PURSUE DISCOVERY CONCERNING DEFENDANTS' ASSETS AND CONFLICT OF INTEREST WITH THEIR ATTORNEYS"**

---

NOW COME Defendants William Mak, Calvin Fields, Martin Lowery, Thomas J. Dart, Sheriff of Cook County, and Cook County by their attorney Richard A. Devine, State's Attorney of Cook County, by Romano D. DiBenedetto, Assistant State's Attorney, and submit the following response to Plaintiff's "motion for an on the record statement by defense counsel concerning indemnification, and, if necessary, to pursue discovery concerning Defendants' assets and conflict of interest with their attorneys" ("Motion"):

**INTRODUCTION:**

On July 12, 2006, Plaintiff Delgado filed a civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Willie Mak, Calvin Fields, Martin Lowery, Cook County Sheriff Tom Dart and the County of Cook. In that action, Plaintiff made § 1983 claims for excessive force (Count I), false arrest and detention (Count II), and conspiracy (Count III). Plaintiff also filed state law claims for intentional infliction of emotional distress (Count IV), malicious prosecution (Count V), *respondeat superior* (Count VI) and a claim under ' 745 ILCS 10/9-102 (Count VII). (Dkt. # 1)

On April 16, 2008, a jury returned a verdict in favor of Plaintiff Delgado on

1

Counts I and IV and in favor of Defendants Mak, Fields, and Lowery on Counts II, III and V. The jury awarded Plaintiff Delgado compensatory damages in the amount of $125,000.00. The Court entered judgment on that verdict. (Dkt. # 119.)

On April 29, 2008, Plaintiff Delgado filed a Petition for Fees and Costs ("Petition") under 42 U.S.C. § 1988 and Rule 54(d)(2) of the Fed. R. Civ. P. seeking both attorneys' fees expended and costs incurred by Plaintiff and Plaintiff's counsel in litigating the case. (Dkt. #122.) On May 7, 2008, this Court took Plaintiff's petition under advisement. And set the petition for status hearing set on June 18, 2008. (Dkt. #124.)

During the status hearing on June 18, 2008, Plaintiff's counsel Joey L. Mogul requested to speak with undersigned counsel outside the presence of the Court. During that conversation, Ms. Mogul, without previous notice being given to undersigned counsel, requested an oral summary of issues to be raised by Defendants in litigating the fee petition. Undersigned counsel responded by assuring Ms. Mogul that Defendant Cook County would comply with its obligations imposed by the Local Governmental and Governmental Employees Tort Immunity Act ("Act") and indemnify the judgment for compensatory damages. 745 ILCS 10/9-102. Undersigned counsel then turned to the issues to be litigated and referred to the issues subsequently raised in Defendants' submission on the Joint Statement attendant to the fee petition. *See* Exhibit A to Plaintiff's Motion. Specifically, undersigned counsel explained that the Act confers the authority (rather than the obligation) to indemnify for attorneys fees.[1] Accordingly, once the Court imposes a judgment for fees and costs, undersigned counsel can fully advise each Defendant of the results of the litigation on the Petition and of the subsequent course of conduct to

---

[1] The issue regarding authorization verses obligation to indemnify could hardly have come as a surprise to Plaintiff's counsel, as Defendants fully briefed the issue as early as their trial brief filed

2

be taken.

In the present Motion (filed four months after Defendants' trial brief, three months after the conclusion of a jury trial, and one month after the last status hearing on the Petition), Plaintiff's counsel Ben H. Elson characterizes undersigned counsel's position on the parameters of the Act as a "threat" that Defendant Cook County may choose to not indemnify an eventual award of fees and costs. (Mot. at 3, 4) Additionally, Mr. Elson apparently expresses concern about an alleged "conflict of interest" and, after obtaining a judgment against them, worries about the "effectiveness of [the] representation of the individual Defendant [officers]". (Mot. at 5) Mr. Elson even speculates, despite undersigned counsel's lack of knowledge of Mr. Elson being privy to Defendants' privileged attorney-client communications, that undersigned counsel even acted without properly advising the Defendant officers. (Mot at 6)

Finally, Mr. Elson makes the unprecedented request that a Defendant in a civil lawsuit, the tax payers of Cook County in this case, make a binding statement as to whether it will indemnify a judgment of some unspecified amount prior to, indeed if ever, being ordered to do so.  Alternatively, Mr. Elson makes the other unprecedented request that he be allowed to conduct financial discovery prior to the determination and entry of the judgment being litigated.  For the reasons explained below, Mr. Elson's request must be denied as premature.

## ARGUMENT:

Defendants maintain that Plaintiff's motion must be denied as premature.  This prematurity becomes evident from even a cursory examination of the flawed reasoning and requests made by Mr. Elson.[2]

---

March 5, 2008. (Dkt. # 95)
[2] Defendants note that although ultimately failing on such claims, Plaintiff initially sought punitive

For example, Mr. Elson's factual assertions regarding a threat allegedly made in a status hearing that occurred a month earlier, specifically that Defendant Cook County may choose to not indemnify an award of fees", is flawed on its face. As an initial matter, Mr. Elson did not attend the status hearing in question; and the difficulties in narrating the contents of an unattended conversation cannot be understated. Moreover, while undersigned counsel did re-state his position that the Act confers the authority (rather than the obligation) to indemnify for attorneys fees, a position taken in Defendants' pretrial brief four months earlier, undersigned counsel threatened no one. (Dkt. # 95); 745 ILCS 10/9-102, *Yang v. Chicago*, 2001 U.S. App. Lexis 10847 and *Yang v. Chicago*, 195 Ill.2d 96, 745 n.E.2d 541 (2001) (holding "that, pursuant to section 1988, a prevailing plaintiff is entitled to collect attorney fees, we cannot extend section 1988's language to section 9-102. We have determined that the plain language of section 9-102 does not provide for attorney fees.") Indeed, at the risk of stating the obvious, as undersigned counsel had nothing to do with either the drafting or enactment of the Tort Immunity Act and certainly lacks power to decide the course of conduct that the County may take in the future, undersigned counsel has the ability to threaten no one.

Turning to the perceived conflict of interest among Defendants, as much as undersigned counsel appreciates both Mr. Elson's concern regarding the quality of representation being received by the deputies that he sued and even the ability to surmise the contents of an opposing party's privileged attorney-client communications, the argument is meritless. As an initial matter, and again at the risk of stating the obvious, Mr. Elson, Ms. Mogul, and Mr. Delgado are not undersigned

---

damages against Defendant deputies and thereby put the personal assets of each deputy at issue. Accordingly, during the deposition already taken of each deputy, Plaintiff was afforded and conducted full discovery concerning the financial assets of that deputy – a fact inexplicably missing from Plaintiff's motion.

counsel's clients; and, accordingly none of these individuals has the standing to challenge the representation being received by Defendants. *Thomas & Betts Corporation, et. al. v. Panduit Corp*, 1995 U.S. Dist. Lexis 7181 (N.D. Ill. 1995) (denying counsel's standing to move to disqualify opposing counsel based on alleged conflict of interest and rejecting the "feigned" concern for the clients of opposing counsel as "the proper party to raise the conflict of interest issue, in a motion to disqualify counsel, is the party that this rule was intended to protect -- the client or former client."), citing *In re Matter of Sandahl,* 980 F.2d 1118, 1121 (7th Cir. 1992). More importantly, all Defendants presently have a singular and simple interest - specifically to minimize any ultimate award of fees; it's just that simple. Accordingly, no "conflict" exists. *Mickens v. Taylor*, 535 U.S. 162 (2002) (requiring the establishment of an actual conflict of interest).

Turning to Plaintiff's request that one of the Defendants, the tax payers of Cook County, make a binding statement as to whether it will indemnify a judgment of some unspecified amount prior to, indeed if ever, being ordered to do so, the request is unprecedented and seeks to deprive the County protections afforded by the Act. Bottom line, the County has the right to make any decision about indemnification on an informed basis, specifically knowing (1) the Court's interpretation of the Tort Immunity Act and whether the Court agrees that a judgment for fees and costs cannot be imposed on the County and (2) in the event that no judgment for fees and costs is imposed, the amount of any judgment that the County decides to pay in any event.

Finally, Plaintiff's request to conduct financial discovery prior to the determination of the judgment to which it relates is again unprecedented. The cases upon which Plaintiff relies offer no support for that request, each of those cases involved financial discovery taking place after the determination of the judgment being

litigated. *Consolidated Freitways Corp. v. Kresser Motor Serv.,* 1995 U.S. Dist Lexis 17201 (1995); *Evans v. Chicago Football Franchise Ltd. Partnership*, 127 F.R.D 492 (N.D. Ill. 1989); *Rubin v. Islamic Republic of Iran*, 2008 U.S. Dist. Lexis 4651. Here, the bottom line is that the only issues being determined are the amount of "reasonable" fees and whether a judgment for fees can be directly imposed onto Defendant Cook County. Accordingly, the financial assets of the parties simply have no bearing on the issue presently being litigated.

In sum, the underlying problem with all of Plaintiff's requests, whether it is a perceived conflict of interest, a request that the County make a binding statement about paying an unspecified judgment, or a request to conduct financial discovery regarding a fee award which has not yet been determined, is that the requests are premature. Such requests might find some color of validity only after the Court determines the amount of attorneys fees to be awarded, the Court determines whether a judgment for fees can directly be imposed onto the County, and the County is afforded the opportunity to make an informed decision regarding whether it will indemnify judgments not directly imposed onto it. Accordingly, Plaintiff's Motion must be denied as premature.

**CONCLUSION:**

For the foregoing reasons, Defendants respectfully request that Plaintiff's motion for an on the record statement by defense counsel concerning indemnification, and, if necessary, to pursue discovery concerning Defendants' assets and conflict of interest with their attorneys be denied as premature.

                        Respectfully Submitted,
                        RICHARD A. DEVINE
                        State's Attorney of Cook County

By:   /s Romano D. DiBenedetto
       Romano D. DiBenedetto
       Assistant State's Attorney
       500 Richard J. Daley Center
       Chicago, IL  60602
       (312) 603-4634
       6220301