## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **MANUEL DELGADO,** | ) No. 06 C 3757 |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Judge Robert Dow |
| Cook County Deputy Sheriff **WILLIE MAK**, et al. | ) |
| | ) Magistrate Susan Cox |
| **Defendants.** | ) |

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR AN ON THE RECORD STATEMENT BY DEFENSE COUNSEL CONCERNING INDEMNIFICATION, AND, IF NECESSARY, TO PURSUE DISCOVERY CONCERNING DEFENDANTS' ASSETS AND CONFLICT OF INTEREST WITH THEIR ATTORNEYS**

Plaintiff Delgado, by and through his attorneys, submits this brief reply in support of his motion for an on the record statement by defense counsel concerning indemnification, and, if necessary, to pursue discovery concerning Defendants' assets and conflict of interest with their attorneys, and states as follows:

As an initial matter, contrary to the Defendants' arguments (see Defs' Response, Dkt. #130, pp. 3-4), Plaintiff's motion seeking an on the record statement with respect to the County indemnifying the fees award or pursuing discovery of the individual Defendant Officers' assets and potential conflict of interest is not premature. As the Defendants' concede, the issue at hand is not whether Plaintiff and his attorneys are entitled to receive an attorneys' fees award, rather it is the amount of award Defendants are contesting. See Defs' Response, Dkt #130, p. 6 ("the bottom line is that the only issues being determined are the amount of 'reasonable fees'"); see also Exhibit A, Parties Joint Statement, ¶11(B-C) (setting forth Defendants' position that Plaintiff is entitled to an attorneys' fees award). Therefore, in light of the fact that a fees award will be made, there is no prejudice in pursuing discovery into the Defendant Officers' assets or ascertaining whether such discovery is, in fact, unnecessary if the County chooses to indemnify the Defendant Officers with respect to an attorneys' fees award.

1

In fact, the issue as to the Defendant Officers' assets is now ripe for discovery because the Defendants themselves injected this issue into the attorneys' fees dispute. Regardless of the fact that the fee petition only involved what amount Plaintiff's attorneys were entitled to receive under 42 U.S.C. § 1988 and local rule 54.3 in attorneys' fees and costs, the Defendants insisted this issue be raised and proceeded to insert this issue into the Parties Joint Statement.[1] See attached Exhibit A, ¶¶11(E) and 12(E).

Plaintiff's counsel is left to question why this issue was injected into the litigation. Plaintiff's counsel can only surmise that the Defendants initially raised this issue in an attempt to pressure Plaintiff to compromise his fees claim, and to influence this Court to award a lower amount in fees by raising the prospect that the Defendant Officers will have to pay the amount awarded. Who pays the award is clearly not one of the *Hensley* factors a Court can or should consider when determining the appropriate fee award.

The Defendants, in their response, appear to imply that if a lower amount of fees is awarded, what defense counsel arbitrarily deems to be a "reasonable" fee award, then the County may choose to pay that amount on behalf of the Defendant Officers. However, if Plaintiff and his counsel are awarded the fee they are entitled to under § 1988, the County may choose not to pay the attorney fee award. See Defs' Response, p. 6 ("Such requests might find some color of validity only after the Court determines the amount of attorneys' fees to be awarded . . . and the County is afforded the opportunity to make an informed decision regarding whether it will indemnify the judgments not directly imposed on it . . ."). Plaintiff and his attorneys should not have to wait to learn what the Defendants deem to be an appropriate fees award and should be able to discover Defendant Officers assets now because the longer this goes on, the more time the

---

[1] On June 18, 2008, Plaintiff's counsel Joey L. Mogul requested to speak with defense counsel Romano D. DiBendetto prior to the status hearing to determine how much time defense counsel needed to comply with local rule 54.3. At that time, Plaintiff's counsel had already provided defense counsel with Plaintiff's counsel's billing records and hourly rates and wanted to ensure defense counsel had enough time to contribute his objections to the joint statement and Plaintiff's counsel had ample time not only to complete the joint statement but also to prepare a supplemental petition for fees. During this conversation, in which Ms. Mogul asked Mr. DiBenedetto whether he was limiting his arguments to challenging the number of hours counsel sought to collect for fees, Mr. DiBenedetto offered that he would also seek a ruling on whether the County was responsible for paying any fee award and insinuated that the County would not indemnify the amount of the attorney fee award.

individual Defendant Officers have to shelter or dissipate their assets.[2]

With respect to the potential conflict of interest, Defendants' assert that no conflict exists because the individual Defendant Officers and Defendant Cook County all presently have a "singular and simple interest - specifically to minimize any ultimate award of fees." See Defs' Response, p. 5.  However, Defendants' counsel failed to address the issue of whether the Defendant Officers were apprised of any conflict issues with respect to the litigation and/or settlement of the case in the past - - specifically whether the Defendant Officers would be liable to pay an attorneys' fee award if the case did not settle and Plaintiff were to prevail.  Courts in this District have recognized the potential for conflict of interest caused by a situation where the financial interests of the individual defendant officers could be at odds with those of the defendant municipality in law enforcement cases.  *See Clay v. Doherty*, 608 F.Supp. 295 (N.D. Ill. 1985) (Shadur, J.); *Coleman v. Frierson*, 607 F.Supp. 1566 (N.D. Ill. 1985) (Shadur, J.); *Smith v. Martin*, 819 F. Supp. 733 (N.D. Ill. 1992) (Shadur, J.).  As Judge Shadur noted in *Smith*, a § 1983 case involving claims for punitive damages:

> This is a significant case in a troublesome area.  Government attorneys have routinely represented individual defendants as have insurance counsel, without any thought, for the most part as to conflict of interest.  The bar should be aware of potential ethical violations and possible malpractice claims.

*Id.* at 736.  Thus, the issue of whether there may have been any potential conflict of interest between defense counsel's multiple masters - - the individual Defendant officers, the Cook County Sheriff and Cook County - -  is not resolved and it requires further discovery to determine whether defense counsel informed the individual Defendant Officers of these issues and/or whether defense counsel on behalf of the Sheriff and County made any assurances to the Defendant officers that now estop them from not indemnifying the attorneys' fees award.  The existence of a present conflict continues as it depends on whether one of defense counsel's clients, the County, decides to indemnify in part, in whole, or not at all.  If it decides to indemnify for the entire amount, the conflict disappears; however, a decision to do less than that

---

[2] The actions of a defendant officer in a recent § 1983 police misconduct case makes clear that it is reasonable for Plaintiff to guard against the possibility of post-judgment fraud.  *See Kunz v. City of Chicago*, 2007 U.S. Dist. LEXIS 7958 (N.D. Ill. Jan. 31, 2007).

leaves the individual Defendant Officers unrepresented on the indemnification issue, and, at least in appearance, under represented on the fees question itself.

Defendants also erroneously assert that Plaintiff and his counsel have no standing to raise this conflict of interest before the Court. Rather, whenever an actual conflict arises, the judge and the parties have a joint responsibility to guard any threatened interests. *See Coleman v. Frierson*, 607 F. Supp. 1566, 1572 (N.D. Ill. 1985); *see also* Committee Comments to local rule 83.51.7 ("Where the conflict is such as clearly to call into question the fair or efficient administration of justice, opposing counsel may properly raise the question.").

Defendants also assert that Plaintiff was afforded and conducted full discovery of the financial assets of the individual Defendant Officers when they were deposed in January 2007. However, that discovery, which related to Plaintiff's claim for punitive damages, is clearly different from the discovery Plaintiff now seeks, as the questioning was aimed at discovering generally each defendant's net worth in the event that they attempted to put in evidence of financial hardship at trial. While Plaintiff's counsel did ascertain that the Defendant Officers' own their homes, own motor vehicles, have savings accounts and in some cases mutual funds, the specifics to each was not discovered. Should the County decide not to indemnify, further discovery is necessary to determine the Defendant Officers' present assets, and their location, including but not limited to, cash, real property, fixtures, trusts, and financial instruments of any kind in which the Defendant Officers have any ownership interest.

Given the foregoing, Plaintiff respectfully requests that the Court grant his motion for an on the record statement by defense counsel concerning indemnification, and, if necessary, to pursue discovery concerning Defendants' assets and conflict of interest with their attorneys

Dated: July 29, 2008                                    Respectfully Submitted,

                                                        /s/ Ben H. Elson and Joey L. Mogul
                                                        BEN H. ELSON
                                                        JOEY L. MOGUL
                                                        People's Law Office

1180 N. Milwaukee
Chicago, IL 60622
773/235-0070

Attorneys for Plaintiff Manuel Delgado