# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 3757 | **DATE** | 4/23/2009 |
| **CASE TITLE** | Delgado vs. Mak | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court grants Plaintiff's second supplemental petition for attorneys' fees [147] and awards $29,167.50 in attorneys' fees for hours expended in preparing and litigating Plaintiff's attorneys' fee petition since May 30, 2008.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Before the Court is Plaintiff's second supplemental petition for attorneys' fees [147]. In that petition, Plaintiff requests a total of $29,167.50 in attorneys' fees for hours expended in preparing and litigating his attorneys' fee petition since May 30, 2008.

On April 16, 2008, the Court entered judgment [121] on a jury verdict in favor of Plaintiff. The jury awarded Plaintiff $125,000 in compensatory damages against Defendants Mak, Fields, and Lowery. Plaintiff then filed his petition [122] and supplemental petition [128] for attorneys' fees and costs. Defendants filed a lengthy memorandum in opposition to Plaintiff's fee petition [134], to which Plaintiff replied [142]. On January 29, 2009, the Court issued a memorandum opinion and order [144] granting Plaintiff's petition for attorneys' fees and costs in the amount of $226,841.08 in attorneys' fees through May 30, 2008, and $18,124.27 in costs. In that memorandum opinion and order, the Court observed that "[a]mple case law supports the proposition that when a prevailing party is forced to litigate to obtain a fee award, a component of that award may include a reasonable fee for the time expended in preparing and litigating the fee petition." *Trs. of the Chicago Plastering Inst. Pension Trust v. Cork Plastering, Inc.*, 2008 WL 728897, at *6 (N.D. Ill. Mar. 18, 2008); see also *Greyhound Fin. Corp. v. TSM Fin. Group, Inc.*, 1995 WL 562068, at *6 (N.D. Ill. Sept. 21, 1995) ("Fees incurred in defending the award of reasonable attorneys' fees are themselves recoverable. Otherwise, the fee will undercompensate."). The Court therefore allowed Plaintiff fourteen days in which to file a second supplemental fee petition covering time spent preparing and litigating the fee petition since May 30, 2008, and allowed Defendants 14 days to file any objections to the additional supplemental petition.

Plaintiff timely filed his second supplemental petition, in which he requested $29,167.50 in additional fees and attached counsel's time entries in support of that request. Defendants have not filed any objections. The time entries attached to the second supplemental petition reflect approximately 100 hours of work on the preparation and litigation of the petition at the hourly rates that the Court approved in its January 2009 decision. While that is a significant expenditure of time and effort, the Court cannot say that awarding

compensation in the amount requested is unreasonable in the circumstances. As another district judge commented in upholding a supplemental fee award in similar circumstances, the efforts of Defendants to resist the initial fee petition were "strenuous and far reaching," and Plaintiff's "expenses in countering those efforts" not surprisingly were "similarly high." *Greyhound Fin. Corp.*, 1995 WL 562068, at *6. Moreover, the amounts included in the supplemental petition "cover only normal and customary legal activities involved in preparing the petition, its accompanying documents, and the response to [Defendants'] objections." *Id*. Notably, Plaintiff excluded from the second supplemental fee request hours that his attorneys expended pursuing the fee-related motion [126] that the Court denied [141]. And while the ratio of hours spent on the fee petition (approximately 100 hours) to the hours spent litigating the merits (approximately 750 hours) is not as low as the ratio in a typical case, it is not egregiously out of line either. Compare *Trs. of the Chicago Plastering Inst. Pension Trust*, 2008 WL 728897, at *6 (approving fees for time spent litigating fee petition that was 3.5 percent of time spent litigating the merits) with *Batt v. Micro Warehouse, Inc.*, 241 F.3d 891, 894-95 (7th Cir. 2001) (upholding district court's reduction of request for fees for 10.5 attorney hours in preparing fee petition where attorney spent 21.6 hours litigating the merits). Finally, the fact that Defendants opted not to file any objections to Plaintiff's second supplemental fee petition at least suggests that they do not believe that the amount requested is unreasonable in the circumstances. See *Greyhound Fin. Corp.*, 1995 WL 562068, at *7.

For all of the foregoing reasons, the Court grants Plaintiff's second supplemental petition for attorneys' fees [147] and awards $29,167.50 in attorneys' fees for hours expended in preparing and litigating Plaintiff's attorneys' fee petition since May 30, 2008. Like the prior award of attorneys' fees in this case, this award is imposed against the three individual Defendants only for the reasons stated in the Court's January 2009 memorandum opinion and order.

2